FILED
CLERK

9:48 am, Oct 18, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAMES JOHNSON,

                      Plaintiff,         **ORDER**
                                                19-cv-3476 (SJF) (ARL)
     v.

HOME DEPOT U.S.A., INC.,

                      Defendant.
-----------------------------------------------------------------X
FEUERSTEIN, District Judge:

       On June 12, 2019, Defendant Home Depot U.S.A., Inc. ("Defendant") removed this personal injury action to this Court from the Supreme Court of New York, Queens County, pursuant to 28 U.S.C. §1441(b)(1) based on the diversity of citizenship of the parties. *See* Notice of Removal, Docket Entry ("DE") [1]. Pending before the Court is a motion to remand the action to state court filed by Plaintiff James Johnson ("Plaintiff"). Motion, DE [9]. For the reasons set forth below, the motion is denied.

**I. BACKGROUND**

       This action was commenced in state court on June 14, 2018. The complaint does not state the damages sought as New York law prohibits statements regarding "the amount of damages to which the pleader deems himself entitled" in a personal injury action. N.Y. C.P.L.R. §3107(c). New York law does allow a defendant to "at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled" and requires the plaintiff to comply within fifteen (15) days of the request. *Id.* Defendant served a Demand for Supplemental Damages (the "Damages Demand") pursuant to CPLR §3107(c) on August 30,

2018.[1]  *See* Declaration of Renee E. DeMott ("DeMott Decl."), Ex. A, DE [13].  Over the ensuing months, Defendant made numerous attempts by letter to secure Plaintiff's response to the Damages Demand.  *See id.* Ex. B.  On May 17, 2019, Defendant's counsel "personally spoke with the Plaintiff's counsel by phone, who indicated that he would not provide a written settlement demand for the express purpose of avoiding the potential removal of this matter to federal court by Home Depot."  *Id.* ¶8.

On May 20, 2019, Defendant moved by Order to Show Cause in New York Supreme Court to compel Plaintiff to respond to the Damages Demand.  DeMott Decl. Ex. D.  A court conference was held on June 3, 2019, during which Plaintiff was ordered to respond to the Damages Demand by June 10, 2019.  *Id.* Ex. G.  On June 10, 2019, Plaintiff filed his response, indicating that he claims $150,000 in pain and suffering.  *Id.* Ex. H.  Defendant removed the action to this Court two days later.

Plaintiff moves to remand the matter to state court arguing that he "made a formal demand for settlement of $150,000 no later than October 5, 2018 and defendant failed to remove within 30 days of this demand.  Memorandum of Law, DE [9-1].  Plaintiff's counsel has submitted a declaration restating that "no later than October 5, 2018, I personally conveyed a demand to [defendant's counsel] of $150,000."  Declaration of Anthony Hirschberger ("Hirschberger Decl."), ¶4, DE [9].  In support of this statement, the declaration attaches transcripts from four (4) voicemail messages.  The first three, dated August 3, 2018, September 14, 2018, and September 27, 2018, are messages left for Mr. Hirschberger by plaintiff's counsel, Meagan Kelly, in which Ms. Kelly urges him to call and "touch base" about the status of the

---

[1] While the DeMott Declaration states that the Damages Demand was served on August 30, 2018, the actual document is dated July 24, 2018.

case. *Id.* Ex. 1-3, DEs [9-2], [9-3], [9-4]. The fourth voicemail dated October 5, 2018 is also from Ms. Kelly and states that she is returning Mr. Hirchberger's voicemail "from earlier this week." *Id.* Ex. 4, DE [9-5]. The voicemail transcripts do not reference settlement negotiations between the parties let alone mention any dollar figure. Plaintiff's counsel claims to have "personally conveyed" the demand, but his declaration is silent on when or how this demand was communicated, only than it occurred "no later than October 5, 2018." *Id.* ¶4. Ms. Kelly has also submitted a declaration in which she denies "having any written records in my possession that I received from the Plaintiff about his purported settlement demand of $150,000.00." Declaration of Meagan M. Kelly, ¶3, DE [15].

## II. DISCUSSION

Pursuant to §1446(b), a notice of removal must be filed within 30 days after receipt by the defendant of an initial pleading or "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b)(3). The pleading, motion, or other paper must enable "a defendant to intelligently ascertain removability" by providing "the necessary facts to support the removal petition." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (internal quotation marks, citation, and alteration omitted). It is well-settled that the Second Circuit has directed use of a "bright line rule" that the 30-day "removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

Plaintiff's counsel makes the completely unsubstantiated statement that he "personally conveyed" a demand to Defendant "no later than October 5, 2018." Even were the Court to credit this statement, Plaintiff does not suggest, must less establish, that the settlement demand

3

was made in writing. The law is clear that "an oral demand is not a pleading or other paper that meets the requisites of 28 U.S.C. § 1446(b)." *Abbas v. Kienzler*, No. 10-CV-5100, 2010 WL 5441663, at *1 (E.D.N.Y. Dec. 23, 2010); *see also Quintana v. Werner Enters., Inc.,* No. 09 Civ. 7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009) (noting that §1446(b) "does not recognize oral settlement demands as a basis for triggering the 30-day removal window"). Indeed, had Defendant removed the case based solely on an oral demand, it would have been subject to remand as prematurely filed. *See, e.g., Bader v. Costco Wholesale Corp.,* No. 18-cv-1304, 2018 WL 6338774, at * 1 (E.D.N.Y. Dec. 4, 2018) (oral demand did not start the running of the removal clock and thus removal "is untimely because it is premature"); *Feder v. Costco Wholesale Corp.*, No. 17-CV-3708, 2017 WL 9511082, at *1 (E.D.N.Y. June 27, 2017) (same), *adopted by,* 2017 WL 2992490 (E.D.N.Y. July 14, 2017).

Plaintiff's June 10, 2019 Response to the Damages Demand made pursuant to CPLR §3017(c), however, is a "paper" that established that his claim would satisfy the jurisdictional threshold for removal, and Defendant's removal of the case two days after receipt of that document is clearly timely. Accordingly, Plaintiff's motion to remand is denied.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
October 18, 2019

4